## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

    **Plaintiff**

        v.                              **CRIMINAL NO.** 06-012(JAG)

MOHAMED HANIFF KAHN,

    **Defendant(s)**

**ORDER**

On August 15th, 2006, defendant Mohamed Haniff Khan ("the defendant") filed a Motion to Dismiss based on the following allegations: 1) that his arrest was executed without probable cause; 2) that his statements to the law enforcement agents were involuntary; 2) that there was an unnecessary delay in bringing him before the Court; 3) a Speedy Trial Act ("STA") violation; 4) a violation of the Vienna Convention on Consular Relations; and 5)that he was the victim of racial profiling. (Docket No. 37).  On that same date, the Motion was referred to a Magistrate-Judge. (Docket No. 38).

On August 29th, 2006, Magistrate-Judge Camille Velez-Rive issued a detailed Report and Recommendation ("R&R") to **DENY** the Motion. (Docket No. 41).

On September 8th, 2006, the defendant filed objections to the Magistrate-Judge's conclusions regarding the voluntariness of his

Criminal No. 06-12 (JAG)                                                2

statement, and the alleged violations of the STA. (Docket No. 43). No other objection is discerned from the filing. The Court will entertain each objection in turn.

First, the Magistrate-Judge stated in her R&R that the voluntariness of the defendant's statements could be better assessed through a Motion to Suppress and, thus, recommended to deny that claim without prejudice. In light of the fact that the defendant has filed a Motion to Suppress addressing the same issue, the Court will **ADOPT** the Magistrate-Judge's recommendation.

Second, the defendant insists on an alleged transgression of the STA. Specifically, the defendant claims that he filed various pro se motions that were later stricken from the record and, consequently, the time during which those motions were pending should not be excluded from the STA computation. Besides his bare averments, however, the defendant cites no authority in support of his claim. Therefore, upon de novo review, the Court will **ADOPT** the conclusion reached by the Magistrate-Judge on this score.

Inasmuch as the defendant raises no other objection to the R&R, the Court **ADOPTS** the same in its entirety.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of September, 2006.

                                          S/Jay A. Garcia-Gregory
                                          JAY A. GARCIA-GREGORY
                                          United States District Judge